IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSE CONCEPCION GARCIA,
    Petitioner,

v.                                                         No. 3:18-cv-3222-B (BT)

LORIE DAVIS, *Director*,
TDCJ-CID,
    Respondent.

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jose Garcia filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be dismissed for failure to exhaust state remedies.

I.

On March 9, 1996, Petitioner pled *nolo contendere* in three cases charging delivery of a controlled substance and was sentenced to twenty-five years in prison in each case, to run concurrently. *State of Texas v. Garcia*, No. F91-43151-P, F91-64996-P, F91-43047-P (203rd Dist. Ct., Dallas County, Tex., Mar. 9, 1996). On October 29, 1997, Petitioner filed a state habeas petition challenging his convictions. *Ex parte Garcia*, No. 41,191-01. On November 3, 1999, the Texas Court

of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

Petitioner does not challenge any of his convictions in his petition. Instead, he argues Respondent is miscalculating his time credits and improperly denying him clemency and release on parole. On June 3, 2019, Respondent filed an answer arguing the petition should be dismissed for failure to exhaust state remedies. Petitioner did not file a reply.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A federal habeas petition that contains unexhausted claims cannot be granted. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990).

To exhaust his time credit claim, Petitioner was required to file an administrative time credit dispute. *See* Tex. Gov't Code § 501.0081; *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000); *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). Once Petitioner exhausted his administrative remedies, he was required to exhaust his state remedies by filing a state petition for writ of habeas corpus raising this claim. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Here, Petitioner did not file a time credit claim under § 501.0081 and did

not raise his time credit claim in a state habeas petition. He also did not raise his clemency and parole claims in a state habeas petition. Petitioner has therefore failed to exhaust his state remedies.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

### III.

The petition should be dismissed for failure to exhaust state remedies.

Signed August 2, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).